IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 287 |
| | ) | Judge Norgle |
| WARREN N. BARR, III | ) | |
| Defendant. | ) | |

**DEFENDANT BARR'S RENEWED MOTION TO CONTINUE SENTENCING HEARING**

Defendant, Warren N. Barr, III, by and through his undersigned counsel, states as follows in support of his Renewed Motion to Continue Sentencing Hearing:

**I.      Procedural Context**

1. This Motion is being filed in the <u>alternative</u> to the Motions to Dismiss filed by Mr. Barr this same date under Docket No. 298, as well as in the alternative to the Motion to Withdraw Guilty Plea also filed on this same date by Mr. Barr under Docket No. 300.

**II.     Argument**

2. On November 30, 2018, counsel for Mr. Barr appeared for the very first time before this Court in this matter.

3. Minutes prior to stepping up for that first appearance before this Court, Mr. Barr's counsel was provided with the file for this case by Mr. Barr's then current (and soon to be former counsel). Those file materials contained, *inter alia*, numerous disks of discovery

materials and hundreds of other documents.

4. In addition, on that same date (November 30, 2018) and at or about that same time, Mr. Barr's present counsel was also provided with a disk containing *entirely new discovery* that had just been produced by the Government to Mr. Barr's former counsel days earlier, on or about November 27, 2018. That discovery was supposed to, and required to have been produced to Mr. Barr's former counsel by the Government some *20 months or so ago* pursuant to this Court's Order of March 24, 2017. *See also* Mr. Barr's Motion to Dismiss and for related relief, filed this day under Docket No. 298.

5. Furthermore, minutes prior to stepping up to appear before this Court for the first time on November 30, 2018, the Government's lawyers ("AUSAs") assigned to this case informed Mr. Barr's new counsel that he would <u>not</u> be able to see all of the documents that are relevant to this case unless and until he underwent and passed a background check – in light of the fact that a volume of documents relevant to this case are deemed "Classified" and thus Mr. Barr's counsel would need to obtain a security clearance.

6. The AUSAs further indicated that such a background check to obtain security clearance would take approximately 90 days or so.

7. The AUSAs further indicated that, in light of that issue, they would <u>agree</u> to a continuation of the sentencing hearing to allow such a background check to be completed to allow Mr. Barr's new counsel to obtain the security clearance.

8. Accordingly, no party to this action would be prejudiced by a continuation of the sentencing hearing.

9. Indeed, the only party that would be prejudiced by a *denial* of a motion to continue the sentencing hearing would be Mr. Barr in light of the fact that: a) his counsel had only just been provided with the complete case file from Mr. Barr's former counsel on November 30, 2018, **and** b) in light of the fact that the Government had just produced, on November 27, 2018, extraordinarily belatedly, wholly new discovery materials that this Court had Ordered be produced *more than 20 months ago* pursuant to an Order dated *March 24, 2017*;

2

**and** c) in light of the fact that Mr. Barr's counsel would not be allowed to fully and meaningfully represent Mr. Barr, including for purposes of a sentencing memorandum and sentencing hearing because he would be denied access to the Classified documents; **and** d) in light of the fact that Mr. Barr's would be denied effective assistance of counsel because his counsel would be denied access to the Classified documents.

10. Nonetheless, on November 30, 2018, this Court denied Mr. Barr's Motion (both his already filed written Motion as well as his oral Motion including some of the additional and above-referenced facts and arguments) to continue Mr. Barr's sentencing hearing beyond January 8, 2019 to allow his new counsel to obtain security clearance to review the clearly relevant Classified documents.

11. As part of that Order, this Court Ordered that US Probation provide Mr. Barr's new counsel with the PSR and Sentencing Recommendation. It never did.

12. On December 31, 2019, while Mr. Barr's new counsel was out of town, the Government filed its Sentencing Memorandum ("Memorandum"), some 9 nine days prior to the currently scheduled January 8, 2019 sentencing hearing. It is not possible to fully and meaningfully respond to the Government's Memorandum, in light of the current date for the sentencing hearing and in light of the fact that Mr. Barr's counsel has been denied access to the complete set of discovery materials in this case because of the background check/security clearance issue.

13. Moreover, within a short period of time of denying Mr. Barr's counsel's request for a continuance of the sentencing hearing to allow him to undergo the background check and obtain the security clearance, this Court routinely **granted Mr. Barr's co-Defendant's request for a continuance of his sentencing hearing for 6 months, until June 2019.** *See* Docket at No. 296 (granting Mr. Barr's co-Defendant's Motion to continue his sentencing hearing until **June 11, 2019**).

14. Like Mr. Barr's prior Motion to continue the sentencing hearing, that Motion too was similarly wholly unopposed by the Government.

15. There is no difference between Mr. Barr's prior and present request to continue his sentencing hearing and this Court's granting of an identical Motion to Mr. Barr's similarly situated co-Defendant, Mr. Carroll.

16. In fact, co-Defendant Carroll pled guilty *nearly three years ago*, and prior to Mr. Barr pleading guilty in this case. *See* Docket at No. 131 (Carroll Plea Agreement).

17. Accordingly, for all of the reasons set forth above, including but not limited to those specifically referenced in paragraphs 3-9, 11-16 above, Mr. Barr respectfully requests the entry of an Order continuing his sentencing hearing to a date on or after that of his co-Defendant (i.e., June 11, 2019 or after).

18. To hold otherwise would be to deny Mr. Barr Due Process and effective assistance of counsel, and would be wholly arbitrary in light of the granting of the very same Motion to Mr. Barr's co-Defendant. Indeed, counsel for Mr. Barr's co-Defendant, unlike Mr. Barr's counsel, does not even need that time to undergo a background check and to obtain security clearance – and thus did not claim so in the Agreed Order that was submitted on behalf of co-Defendant Carroll.

**WHEREFORE**, based upon all of the foregoing, Defendant, Warren Barr, by and though his undersigned counsel, respectfully requests the entry of an Order continuing the scheduled January 8, 2019 sentencing hearing to a date on or after June 11, 2019, and for such other and further relief as is appropriate under the circumstances.

                                    **RESPECTFULLY SUBMITTED,**

                                    By:    <u>s/Michael I. Leonard</u>
                                               **Counsel for Mr. Barr**

## CERTIFICATE OF SERVICE

The undersigned states that, on January 2, 2019, he caused the above to be served on counsel of record by way of ECF filing.

**RESPECTFULLY SUBMITTED,**

**By:** **s/Michael I. Leonard**
**Counsel for Mr. Barr**