

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 14-cr-287 |
| | ) | |
| WARREN N. BARR, III, | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

ORDER

Defendant's Motion to Continue Sentencing [302] is denied.

STATEMENT

On June 17, 2016, Defendant entered into a plea agreement in which he pleaded guilty to one count of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014. On January 2, 2019, Defendant filed a motion to continue sentencing, requesting the Court to postpone his sentencing hearing until June 11, 2019. Defendant argues that on or about November 27, 2018, his new counsel received discovery that the Government had not previously produced but were required to pursuant to a court order. The Government informed Defendant's new counsel that some materials were classified, and that defense counsel would need a security clearance to review the classified documents. Defendant argues he would be denied effective assistance of counsel if the sentencing hearing were to proceed prior to his current counsel reviewing the classified documents. Defendant also argues that the Court should grant his motion to continue the sentencing because the Court has granted similar motions brought by co-Defendants.[1]

    The existence of classified materials in this case is not new information to Defendant. In March 2017, Defendant made a discovery request to the Government in which the Government responded on March 28, 2017, that some materials requested by Defendant were classified. Dkt. 190 at ¶ 2. On April 4, 2017, the Court entered an order designating a classified information security officer in this case. Dkt. 193. On November 30, 2018, the Court granted Defendant's motion to substitute counsel and reset the sentencing hearing, which had been reset several times. When Defendant decided to seek out new counsel, he knew that classified materials existed in this case. Yet, Defendant chose to retain an attorney who does not possess the necessary security clearance to review classified materials. Dkt. 294 at 3. Moreover, Defendant has fails to demonstrate that the classified discovery are material to his sentencing.

    The sentencing hearing has been reset, rescheduled, or continued over a dozen times. Defendant attempts to further prolong the date of his sentencing by arguing that co-Defendants in this case have been granted continuances in their sentencing dates. This argument is made without any citations to legal authority; thus, the Court finds it to be an undeveloped argument. United

---

[1] Defendant argued that he did not have enough time to review and respond to the Government's Sentencing Memorandum. This argument is moot in light of Defendant's filing in response to the Government's sentencing memorandum. Dkt. 310.

States v. Olmeda–Garcia, 613 F.3d 721, 723–24 (7th Cir.2010); see also Harvey v. Town of Merrillville, No. 11–1041, 2011 WL 2674830, at *6 (7th Cir. July 11, 2011) (arguments that are perfunctory, undeveloped, or unsupported by authority are waived). Furthermore, the Court finds that Defendant has had sufficient time to prepare for the sentencing hearing, and that he will not be prejudiced by the Court denying his current motion. See e.g., United States v. Rinaldi, 461 F.3d 922, 929 (7th Cir. 2006) (affirming denial of continuance of sentencing hearing after district court granted multiple continuances over several years).

    In sum, Defendant has been afforded sufficient time to prepare for sentencing. He has been aware of the existence of classified discovery and the need to have an attorney who is able to review classified materials. Accordingly, the Court denies Defendant's motion to continue sentencing.

    IT IS SO ORDERED.

ENTER:

*Charles Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 7, 2019