IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 14-cr-287 |
| ) | |
| WARREN N. BARR, III, ) | Hon. Charles R. Norgle |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's Motion to Dismiss Indictment [298] is denied. Defendant's Motion to Withdraw Plea [300] is denied.

## STATEMENT

On May 15, 2014, Defendant Warren N. Barr, III ("Defendant") was charged in an indictment with seven counts of bank fraud, in violation of 18 U.S.C. § 1344, and four counts of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014. Defendant was indicted along with five other individuals for a scheme to defraud a financial institution in connection with the sale of numerous condominium units located at 1255 S. State Street, Chicago, Illinois.[1]

On May 16, 2014, the Court issued a bench warrant for Defendant. At the time of his indictment, Defendant was located abroad in Saudi Arabia, and at some point, he was arrested the by local authorities for matters unrelated to his indictment here in the United States. However, Defendant eventually returned to the United States and on February 4, 2015, he was arrested in the Eastern District of Virginia. On March 30, 2015, the bench warrant issued by this Court was returned executed. Defendant's arraignment was held on April 17, 2015, where he entered a plea of not guilty. A detention hearing was subsequently held, and Defendant was released on bond.

After Defendant's release on bond, his retained counsel withdrew. On July 7, 2015, the Court appointed Patrick E. Boyle ("Boyle") as counsel for Defendant. On June 17, 2016, Defendant entered into a written Plea Agreement with the Government wherein he pleaded guilty to Count Ten of the indictment, charging him with making a false statement to a financial institution, in violation of 18 U.S.C. § 1014. Dkt. 152, Plea Agreement. In the Plea Agreement, Defendant reserved the right to challenge various sentencing enhancements under the advisory Sentencing Guidelines, including the loss amount under Guideline § 2B1.1(b)(1). Id. at 9. The Plea Agreement explicitly states the Government's position that under Guideline § 2B1.1(b)(1)(K), a 20-level enhancement is appropriate because the total loss attributable to Defendant's conduct is approximately $13,045,319.00. Id. at 5. The Plea Agreement also explicitly states Defendant's position that no enhancement is appropriate pursuant to Guideline § 2B1.1(b)(1)(A) because the amount of loss for which Defendant is responsible is $1,700.00. Id. at 5.

On June 17, 2016, the Court held a change of plea hearing, where Defendant entered a plea of guilty to Count Ten of the indictment. At the change of plea hearing, the Court placed Defendant under oath and delivered its sentencing colloquy pursuant to Federal Rule of Criminal Procedure 11. Dkt. 304, Govt.'s Resp. to Def.'s Mot. to Withdraw Plea, Ex. A, Transcript of June 17, 2016 Change of Plea Hearing. Defendant agreed with the Government's recitation of facts establishing his guilt. Id. at 7-8. The Court

---

[1] The building located at 1255 S. State Street, called "Vision on State," was built between 2004 and 2008 by 13th and State, LLC, and contains approximately 250 residential condominium units. Defendant was a member of 13th and State, LLC and a real estate developer who facilitated the construction, development, and sale of condominium units at Vision on State.

made clear that the Sentencing Guidelines are advisory and not mandatory. Id. at 7-9. Defendant agreed that he read the Plea Agreement and that his attorney, Boyle, was available to answer any of his questions. Id. at 10. Defendant also agreed that he had enough time to consider entering his plea of guilty. Id. Finally, when prompted by the Court, Defendant stated that he had no questions about the plea and understood everything that he had been informed of by the Court. Id. at 11.

Following Defendant's guilty plea, sentencing was initially set for October 12, 2016. However, over the next two years, the sentencing hearing was rescheduled over a dozen times and was eventually set for January 8, 2019. On November 30, 2018, Boyle withdrew as counsel for Defendant, and was replaced by Defendant's present retained counsel, Michael Irving Leonard ("Leonard").

On January 2, 2019, over two and half years since his guilty plea and less than one week before the long-delayed sentencing hearing scheduled for January 8, 2019, Defendant filed three motions: (1) a motion to dismiss the indictment, Dkt. 298; (1) a motion to withdraw his guilty plea, Dkt. 300; and (3) a motion to continue the sentencing hearing, Dkt. 302. The Court will address the first two motions in the instant Order, and Defendant's motion to continue the sentencing hearing is addressed in a separate order.

In his motion to withdraw his plea, Defendant argues that he should be allowed to withdraw his plea of guilty based on ineffective assistance of counsel. More specifically, Defendant asserts that his previous attorney, Boyle, did not inform him prior to pleading guilty that the Government must prove the loss amount at sentencing by a preponderance of the evidence, as opposed to beyond a reasonable doubt. According to Defendant, and as stated in his attached affidavit, had he known that that the Government need only prove the loss amount by a preponderance of the evidence at sentencing, rather than beyond a reasonable doubt, he would not have plead guilty, but instead would have proceeded to trial. Dkt. 300, Def.'s Mot. to Withdraw Plea, p. 2; Id., Ex. A, Affidavit of Warren N. Barr ("Barr Aff.") ¶¶ 4-9. Defendant does *not* contend, however, that Boyle misinformed him as to the correct burden of proof at sentencing, or that he asked Boyle what the correct burden of proof would be, but never received an answer. Rather, Defendant states that he "always held the belief that the Government would have to prove the loss amount beyond a reasonable doubt" and that he "was never advised by [Boyle] that the Government had to prove the loss amount by a preponderance of the evidence." Barr Aff. ¶¶ 4-5.

"A defendant has no absolute right to withdraw a guilty plea before sentencing." United States v. Collins, 796 F.3d 829, 834 (7th Cir. 2015). Rather, "[a] guilty plea, once accepted by the court, may be withdrawn only for a 'fair and just reason,' and the burden of justifying relief rests with the defendant." United States v. Lundy, 484 F.3d 480, 484 (7th Cir. 2007) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "[T]he defendant bears a heavy burden of persuasion in showing such a reason exists." Collins, 796 F.3d at 834. "Factors considered in determining whether a defendant has demonstrated a fair and just reason to withdraw a guilty plea include: (1) the timeliness of the defendant's attempted plea withdrawal; (2) whether the defendant has asserted or maintained his innocence, and (3) the voluntariness of the plea." United Sates v. Krasinski, No. 03 CR 0251, 2005 WL 8160439, at *2 (N.D. Ill. Jan. 24, 2005)

"Ineffective assistance of counsel can render a plea agreement involuntary, and in such a case, it is a valid basis for withdrawing a guilty plea." United States v. Peleti, 576 F.3d 377, 383 (7th Cir. 2009). "[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985) (citing Strickland v. Washington, 466 U.S. 668 (1984)). "To show ineffective assistance of counsel, a defendant 'must show both that the counsel's performance was objectively unreasonable and that, but for counsel's errors, the defendant would not have pleaded guilty.'" Peleti, 576 F.3d at 383 (quoting United States v. Lundy, 484 F.3d 480, 484 (7th Cir. 2007)). However, "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Rather, courts "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

Here, Defendant fails to show either that Boyle's performance was objectively unreasonable or that he would not have plead guilty if he had known the correct standard of proof at sentencing. As to the first Strickland element, Defendant cites no case where a court has found that an attorney's failure to inform a client that the preponderance of evidence standard applies at sentencing amounts to ineffective assistance

2

of counsel, and neither the Government nor the Court has been able to find such a case. In short, Defendant produces no authority in support of his contention that Boyle's performance was objectively unreasonable; instead, he argues in conclusory fashion that Boyle's failure to anticipate and correct Defendant's own misapprehension regarding the burden of proof at sentencing "clearly falls below the objective standard of reasonableness expected of defense counsel under Strickland." Def.'s Mot. to Withdraw Plea, p 3. The Court regards such a conclusory argument as undeveloped. United States v. Hook, 471 F.3d 766, 775 (7th Cir. 2006) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues.)" (citation omitted)).

    As to the second Strickland element, Defendant presents no contemporaneous evidence in support of his assertion that he would he would not have pleaded guilty had he known that the Government need only prove the loss amount at sentencing by a preponderance of the evidence. As discussed above, Defendant does not argue that Boyle informed him incorrectly as to the applicable standard of proof at sentencing. Rather, he contends that it was his own misapprehension on which he relied when entering his guilty plea. However, at the June 17, 2016 Change of Plea Hearing, the Court presented Defendant with the opportunity to ask any questions he might have regarding his plea, and Defendant declined to do so. Transcript of June 17, 2016 Change of Plea Hearing, p. 11. Thus, the only evidence presented by Defendant, in the form of his own affidavit, is nothing more than a *post hoc* assertion that he would have pleaded differently had he known the correct standard of proof at sentencing. Lee, 137 S. Ct. at 1967.

    Moreover, as noted above, the Court recited a thorough and complete Rule 11 colloquy at the June 17, 2016 Change of Plea Hearing and Defendant agreed that he understood everything that he had been informed of by the Court. Transcript of June 17, 2016 Change of Plea Hearing, pp. 3-5, 11. Critically, Defendant does not argue that Rule 11 was violated in some way when he entered his guilty plea. United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987) ("The whole point of the plea proceeding (the Rule 11 colloquy) is to establish that the plea was knowingly and voluntarily made."). Instead, Defendant seems to suggest that the standard of proof at sentencing should be part of the required Rule 11 colloquy—but, of course, it is not. See Fed. R. Crim. P. 11.

    Finally, as to whether Defendant has demonstrated a fair and just reason to withdraw his plea, aside from his argument as to ineffective assistance of counsel, the Court considers the timeliness of the Defendant's attempted plea withdrawal and whether the Defendant has asserted or maintained his innocence. See Krasinski, 2005 WL 8160439, at *2. Here, Defendant's motion to withdraw his plea was filed less than a week before his scheduled sentencing hearing, which has already been rescheduled over a dozen times. This type of procedural "sandbagging" clearly does not weigh in favor of allowing Defendant to withdraw his plea. United States v. Arenal, 500 F.3d 634, 639 (7th Cir. 2007). In regard to the latter element, the Court notes that Defendant agreed with the Government's recitation of facts establishing his guilt in both the Plea Agreement and at the change of plea hearing. Plea Agreement, pp. 2-3; Transcript of June 17, 2016 Change of Plea Hearing, pp. 7-8. Defendant does not dispute any of these facts now. Accordingly, for the above reasons, Defendant's motion to withdraw his plea of guilty is denied.

    Next, Defendant requests the Court to dismiss the indictment. On March 21, 2017, Defendant filed a motion under Brady v. Maryland, 373 U.S. 83 (1967), seeking the Government to turn over documents relevant to his arrest and purported six-month detention in Saudi Arabia. On March 24, 2017, the Court granted Defendant's March 21, 2017 Motion. Following the Court's March 24, 2017 Order, the Government produced various reports that pertained to the issues Defendant sought. The Government also arranged for Defendant and his prior counsel, Boyle, to review classified materials related to the matter. On November 27, 2018, prior to Defendant's present attorney, Leonard, filing his notice of appearance, the Government produced additional materials which concerned, *inter alia*, the Government's attempts to bring Defendant back to the United States.

    Defendant now argues that the Government breached their obligations under Brady v Maryland, 373 US 83 (1963), when it failed to comply with the Court's March 24, 2017 Order, and postulates that there is more discovery that the Government is neglecting to tender. Defendant also argues the recent tendered discovery contradicts the Government's original position that it was not involved with the arrest of Defendant in Saudi Arabia. Defendant concludes that the Government's failure to comply with the

Court's March 24, 2017 Order, and abuse of the discovery process requires the Court to use its supervisory power to dismiss the indictment against Defendant. In his motion to dismiss the indictment, Defendant does not cite a single case to support the relief he seeks. In his Reply, Dkt. 309, Defendant also does not cite to any analogous case where an indictment was dismissed prior to trial or sentencing. Rather, Plaintiff cites to several cases that demonstrate that the Court has the authority to dismiss an indictment over a Brady violation—an assertion that is not in dispute.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. "Although the term 'Brady violation' is often used to refer to any breach of the government's broad obligation to disclose any exculpatory information, the Supreme Court had made it clear that there is no true 'Brady violation' unless the non-disclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." United States v. Fallon, 348 F.3d 248, 251 (7th Cir. 2003). "There are three components to a Brady violation: (1) the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; (2) the evidence has been suppressed by the government, either willfully or inadvertently; and (3) the suppressed evidence resulted in prejudice." United States v. O'Hara, 301 F.3d 563, 569 (7th Cir. 2002).

Defendant argues that the period of time that elapsed between the Court's March 24, 2017 Order and the Government tendering additional discovery on November 27, 2018, is a Brady violation and requires dismissal of the indictment. The Court disagrees. "[E]vidence for Brady purposes is deemed 'suppressed' if the prosecution failed to disclose the evidence before it was too late for the defendant to make use of the evidence." Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001), cert. denied, 535 U.S. 1078 (2002). While Defendant takes umbrage with the period of twenty some months to receive the November 27, 2018 Discovery, what is important regarding a Brady violation is that Defendant did receive the discovery and that the Court continued the sentencing to January 8, 2019, giving Defendant time to make use of the new material. See O'Hara, 301 F.3d at 569 (finding that even though the material was discovered *during* trial, the Defendant had sufficient time to make use of the material and that "[d]elayed disclosure of evidence does not in and of itself constitute a Brady violation." (citing United States v. Walton, 217 F.3d 443, 449 (7th Cir. 2000)).

Additionally, Defendant fails to demonstrate that there is other discovery that is *material* to his sentencing. Defendant contends that his purported six-month imprisonment in squalid conditions can be a factor the Court would consider in mitigation at sentencing. However, Defendant has not demonstrated that there is other evidence that has not been already shared with him to help him make this argument. The discovery that the Government tendered demonstrates its role in Defendant's arrest, details of Defendant's incarceration, and the Government's procedure to bring him back to the United States. The Court rejects Defendant's argument that the Government has suppressed material evidence in this matter. Defendant has the discovery necessary for his sentencing, a sentencing that pertains to Defendant's illegal conduct perpetrated in the Northern District of Illinois—not Saudi Arabia.

While the Court has the authority to dismiss an indictment for a Brady violation, such action should only be considered violation is flagrant and substantially prejudicial to the defendant, a burden Defendant has not met. U.S. v. Chapman, 524 F.3d 1073, 1087 (9th Cir. 2008). Accordingly, for the above reasons, Defendant's motion to dismiss the indictment is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 7, 2019