UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 14 CR 287 |
| v. | |
| WARRN N. BARR, III | Judge Norgle |

### AFFIDAVIT OF WARREN N. BARR, III IN SUPPORT OF DEFENDANT WARREN BARR'S MOTION TO RECUSE AND DISQUALIFY

I, Warren N. Barr, III, hereby depose and state, under penalties of perjury, that I have personal knowledge and a good faith basis of the following facts and, if called to testify, would testify truthfully and competently as follows:

1. I am the Defendant in this action.

2. My present counsel, Michael Leonard, has appeared before Judge Norgle on two occasions in the present case in which there has been substantive interaction with Judge Norgle.[1] Both of these occasions occurred after the Seventh Circuit decision in `Mohsin that is discussed in the Motion for recusal and disqualification.

3. The first such occasion was on November 30, 2018. On that occasion, Judge Norgle was openly hostile towards Mr. Leonard, including by way of repeatedly interrupting him.

4. The second occasion was on January 8, 2018 for the sentencing hearing in the present `case.

5. From the outset of that January 8, 2018 sentencing hearing, Judge Norgle was openly

---

[1] The parties also appeared before Judge Norgle in the present case on Wednesday, January 2, 2019. However, that appearance was brief and non-substantive with Judge Norgle informing the parties that he was setting a schedule on Reply briefs with respect to three motions filed by Mr. Barr. *See* Docket at No. 307.

hostile toward my counsel. That hostility exhibited by Judge Norgle continued throughout that hearing.

6. That conduct included Judge Norgle repeatedly interrupting him; making comments to him; making a comment or comments about him; raising his voice to him; and stopping them from saying particular words again – addressing the same subject.

7. The hostility exhibited by Judge Norgle extended to me as Mr. Leonard was not allowed to make arguments, set out basic points, preserve the record, or have material information considered by the Court.

7. The transcript of the proceedings of January 8, 2019 has been filed.

8. At the November 30, 2018 and at the January 8, 2019 hearings, Judge Norgle did *not* engage in that same type of conduct (described above with respect to me) towards the Government's attorneys, and similarly Judge Norgle did *not* exhibit open hostility to them at those proceedings.

9. Judge Norgle's conduct clearly creates the unmistakable appearance of bias or prejudice towards me, in light of the fact that I am being represented by counsel.

10. Judge Norgle did *not* treat my former counsel, Mr. Boyle, in the manner that Judge Norgle treats my present counsel. In fact, Judge Norgle treated Mr. Boyle in a cordial and professional manner.

11. In fact, in connection with my court appearances in the present case, I have observed Judge Norgle's treatment of other attorneys on other cases, before my case was called. Judge Norgle did not treat those attorneys in the manner that he treats Mr. Leonard.

By:/s/ *(signature)*
Warren N. Barr, III