## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 14 CR 287 |
| v. | |
| WARRN N. BARR, III | Judge Norgle |

### DEFENDANT BARR'S *REPLY* BRIEF IN SUPPORT OF HIS MOTION TO RECUSE AND DISQUALIFY

Defendant, Warren N. Barr, III ("Mr. Barr"), by and through his undersigned counsel, states as follows as his *Reply* brief in support of his previously filed Motion to Recuse and Disqualify ("Motion"):

**I. THIS COURT HAS ALREADY ERRED IN SEEKING AND OBTAINING THE GOVERNMENT'S POSITION WITH RESPECT TO MR. BARR'S MOTION**

It is unclear why this Court sought out in the first instance, and received, the Government's position and arguments with the respect to the present Motion. The Government's position and arguments with respect to recusal and disqualification are irrelevant. More importantly, it was error for this Court to seek out and receive the Government's position with respect to Mr. Barr's request for recusal and disqualification. For that reason alone, Mr. Barr's Motion should be granted. *See, e.g., In re National Union Fire Ins. Co. of Pittsburgh,* 839 F.2d 1226 (7th Cir. 1988) (stating that, "Judges should refrain from asking for the views of counsel on these questions . . . [I]n all cases involving actual, potential, probable or possible conflicts of interests, a federal judge should reach his own determination as to whether he should recuse himself from a particular case, without calling upon counsel to express their views as to the

desirability of his remaining in the case"); *see also In re United States*, 572 F.3d 301 (7th Cir. 2009) (noting that, pursuant to *National Fire Ins.*, *supra*, the Government properly refused to take the District Court's invitation to respond to a motion for recusal, because it "was inappropriate for the court to solicit the parties' views on recusal").

## II. IN ANY EVENT, THE GOVERNMENT'S ADMISSIONS CALL FOR THE GRANTING OF MR. BARR'S MOTION UNDER SECTION 455

In light of the errors noted above, Mr. Barr is now between the proverbial rock and a hard place. He runs the risk, if he does not respond to the Government's arguments - improperly solicited by this Court and then improperly provided by the Government - of a finding that he has somehow agreed with the Government's position and/or waived arguments that could have been made. Accordingly, Mr. Barr addresses the Government's position below.

In its Response, the Government intentionally, and artfully, simply fails to address the importance of certain facts and issues of record. In doing so, the Government admits to those facts. Those facts unquestionably establish the basis for mandating recusal. The Government did so because there is no legitimate explanation to counter these facts and issues as set forth in the Motion.

For example, the Government does *not* contest in any way, much less even address, the fact that this Court has subjected Mr. Barr's present counsel to overtly hostile and negative treatment that was never accorded to Mr. Barr's prior counsel. Thus, the Government is left to meekly argue that Mr. Barr's prior counsel was competent. Regardless of whether the Government was attempting to vouch for Mr. Barr's prior counsel or suggesting that Mr. Barr's current counsel is not competent, this argument misses the point. The competency of Mr. Barr's

prior counsel has nothing whatsoever to do with the Motion, and has nothing to do with the standards applied by the Seventh Circuit under either section 455 or section 144. In other words, the Government's competency of prior counsel argument is a complete red herring.

Similarly, in its Response, the Government does *not* contest in any way, much less even address, the fact that this Court has subjected Mr. Barr's present counsel to overtly hostile and negative treatment that has never been leveled by this Court against the Government's lawyers, particularly during the November 30, 2018 and January 4, 2019 hearings. *See* Motion at p. 3, paragraphs 10-14; Leonard Affidavit, at pp. 2-3, paragraphs 9-15; Barr Affidavit, at pp. 1-2, paragraphs 5-7; Mr. Barr's Second Supplement to Motion, at pp. 2-3, paragraph 4. The reason for that is simple: the Government cannot, with a straight face, claim in its Response that this Court directed *any* of the type of conduct cited by Mr. Barr's counsel in the Motion towards them. Indeed, the entirely of the transcripts from the November 30, 2019 and January 4, 2019 hearings establish just the opposite. *See* Dkt. (hearing transcripts), at Nos. 321, 324, 325.

Likewise, in its Response, the Government does *not* contest in any way, much less even address, that fact that this Court has subjected Mr. Barr's present counsel to overtly hostile and negative treatment that was never accorded to other counsel appearing in this Court, who are not associated with this case. *Id.* at Barr Affidavit, at p. 2, paragraph 11.

In addition, in its Response, the Government does not contest in any way, much less even address, the fact that certain of this Court's commentary about Mr. Barr's present counsel is not capable of innocent construction, and instead demonstrates the type of "deep-seated antagonism the Seventh Circuit has held clearly calls for recusal and disqualification. *See, e.g., Covington v. Nat'l Univ.*, 726 Fed.Appx. 486, 488 (7th Cir. 2007); *see also* Mr. Barr's Second Supplement to

Motion, at pp. 2-3, paragraph 4 (detailing the conduct at issue).

Finally, in its Response, the Government, at least implicitly, acknowledges that this Court's conduct towards Mr. Barr's counsel and Mr. Barr is suspect. To that end, tellingly, far from denying the Court has engaged in the type of conduct alleged, the Government attempts to justify or excuse that conduct by speculating that this Court must have just been "frustrated," or must have been justified by other motives. Again, that is not the place for the Government, and constitutes error. Moreover, it has no support in either of the hearing transcripts at issue.

If anything, the Government's attempts to justify and explain away this Court's conduct actually serves to reinforce the very fact that, at least, the appearance of partiality has clearly been created. *See, e.g., In re United States, supra*, 572 F.3d at 312 (holding that the issuance of a Writ of Mandamus for the recusal/disqualification of the District Judge was warranted, and stating: "**The question before us is *not* whether the Judge is biased. If the Government had the burden to establish that fact, it would have indeed a high mountain to climb in light of the Judge's distinguished public service of almost forty years. However, we must conclude that the Government [which moved for recusal in that case] is entitled to the issuance of the writ of mandamus for which it has petitioned because it has established that a reasonable well-informed observer could question the Judge's impartiality**") (emphasis and brackets added; italics in original); *Preston v. United States*, 923 F.2d 731 (9th Cir. 1991) (holding that recusal was necessary where merely the "appearance" of partiality was present); *see also United States v. Isaacs*, 359 Fed.Appx. 875 (unpublished) (9th Cir. 2009) (finding that District Court's voluntary self-recusal was appropriate where appearance of partiality was present); *In the Matter*

*of Hatcher*, 150 F.3d 631 (*citing Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)) ("[The standard in any case for a § 455(a) recusal is **whether the judge's impartiality could be questioned by a reasonable, well-informed observer**") (emphasis added); *Liteky,* 510 U.S. 540, 548 (1994) ("[W]hat matters [under section 455(a)] is **not the reality of bias or prejudice but its appearance**") (emphasis added).

      The Government also advances the additional red herring and unsupported argument that Mr. Barr and his counsel are suggesting that, in every case in which a District Court Judge is removed pursuant to a Seventh Circuit remand, recusal is necessary in any subsequent case involving the attorney or party who was successful in getting the District Judge removed. Once again, it is error for this Court to have invited this argument and for the Government to press it in its Response to the Motion. Nonetheless, this is <u>not</u> an argument that is even being advanced in the Motion. Rather, recusal and disqualification are only mandated where, as in the present case, that extra-judicial activity (i.e., Rule 36 and associated issues) actually results in the District Court acting in a retaliatory manner or otherwise demonstrating a deep-seated antagonism towards the attorney or party in the subsequent proceeding. In other words, if the Court's conduct in the present case arising out of the Rule 36 and associated issues had <u>not</u> resulted in the creation of the clear and unmistakable appearance of partiality, then there would be no need or basis for the present Motion in this case – or any such Motion in any other case implicating Rule 36 or associated issues.

      In light of all of the foregoing, and as outlined within the affidavits submitted in support of this Motion (*see* Dkt. at Nos. 316-2, 323), which establishes that Mr. Barr's counsel was subjected to grossly disparate treatment, recusal is mandated because the prejudice to Mr. Barr

arises out of that very conduct – and clearly creates the unmistakable appearance of partiality against Mr. Barr in this action. In sum, a "reasonable, well-informed observer," of the type referenced in the decisional law, would be on notice of the *Mohsin*-related issues and thus would have no trouble drawing the only reasonable conclusion: that this Court's conduct arises out of, and relates to, those extra-judicial issues and has nothing to do with the present case

### MOREOVER, PURSUANT TO SECTION 144, THIS COURT CANNOT PROCEED FURTHER

Another issue that was tactically <u>not</u> addressed at all by the Government is that, pursuant to section 144, a District Court Judge presented with the types of affidavits (Id. at Dkt. at Nos. 316-2, 323) submitted in this case, shall "proceed no further." 28 U.S.C., section 144; *see also Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 716 (7th Cir. 2004); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985) (*overruled on other grounds*, *Fowler v. Butts*, 829 F.2d 788 (7th Cir. 2016), which held that a party can still pursue the denial of a recusal motion by way of direct appeal, even if he does not first file a Writ of Mandamus).

Accordingly, for that additional reason, this Court should grant Mr. Barr's Motion.

**RESPECTFULLY SUBMITTED,**

**By:/s/Michael I. Leonard**
**Counsel for Mr. Barr**

**LEONARDMEYER, LLP**
Michael I. Leonard
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312)380-6559 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com

## CERTIFICATE OF SERVICE

The undersigned states that, on January 18, 2019, he caused the above to be served on Defendant's counsel of record by way of e-mail.

By: /s/Michael I. Leonard
**Counsel for Mr. Barr**