**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. 14 CR 287 |
| v. | |
| **WARRN N. BARR, III** | Judge Norgle |

**DEFENDANT BARR'S MOTION FOR RELEASE PENDING APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 9(b) AND 18 U.S.C. §§ 3142, 3143 and 3145(c)**

Mr. Barr, by and through his undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Appellate Procedure 9(b) and United States Code, Title 18 Sections 3142, 3143 and 3145(c), to issue an Order granting Mr. Barr release pending the resolution of his appeal in this matter. In support, Mr. Barr states as follows:

1. As this Court will recall, Mr. Barr pled guilty and was adjudged guilty.

2. Mr. Barr has filed a timely Notice of Appeal.

3. Mr. Barr is requesting that this Court grant him release during the pendency of his appeal.

4. Pending an appeal, this Court may order the defendant's continued release from custody. *See* Fed.R. Proc. 9(b).

5. That decision is premised upon various factors.

6. First, this Court must determine whether, by clear and convincing evidence, the defendant is "not likely to flee or pose a danger to the safety of any other person or the community." *See* 18 U.S.C. § 3143(b)(1)(A).

7. Here, there can be no question that Mr. Barr is *not* likely to flee, and that he does not

pose any danger to anyone.

8. Indeed, Mr. Barr was released from custody while this case was before this Court for several years, and is presently *not* in confinement - even though he has already been sentenced.

9. Moreover, the Government has never seriously contended that Mr. Barr is a flight risk, or a danger to anyone.

10. In addition, Mr. Barr has no financial means or ability to go anywhere.

11. This Court must also determine that Mr. Barr's appeal is not for purposes of delay, and raises a substantial question of law or fact that is likely to result in reversal, or in a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(B).

12. Here, Mr. Barr's appeal is clearly not being undertaken for purposes of delay.

13. Mr. Barr presents substantial issues of law and fact on appeal that will very likely result in remand, and either an opportunity to go to trial, or a lower sentence.

14. Mr. Barr intends to argue on appeal that this Court erred by failing to permit him to present evidence in mitigation that was clearly relevant – i.e., regarding his incarceration in Saudi Arabia as a result of the actions and intervention of U.S. officials, including those within the United States Attorneys' Office and FBI.

15. A District Court must consider and comment on all non-frivolous mitigating arguments. *See, e.g., United States v. Morris*, 775 F.3d 882 (7th Cir. 2015); *United States*

*v. Tahzib*, 513 F.3d 682 (7th Cir. 2008). Failure to do so mandates remand. *Id.*

16. In fact, in *United States v. Mohsin*, 904 F.3d 580 (2018), the Seventh Circuit remanded for a re-sentencing after this Court similarly failed and refused to hear relevant mitigating evidence. The result on remand in that case was a substantially reduced sentence of time served. *See U.S. v. Mohsin*, at Docket, at Nos. 269-270.

17. In the present case, even the Government (on the last day of the sentencing hearings) attempted to address this Saudi Arabia argument, but was rebuffed by this Court.

18. Mr. Barr is also challenging on appeal this Court's refusal to allow Mr. Barr's counsel access to "Classified" information. Even the Government agreed with Mr. Barr's counsel's request to delay Mr. Barr's sentencing hearing to allow Mr. Barr's counsel's access to those materials. This Court's Ruling denying Mr. Barr's counsel access to those materials denied Mr. Barr Due Process.

19. That issue has already been the subject of briefing and motion practice by Mr. Barr. Accordingly, he stands on those arguments previously presented on that issue and incorporates them herein by reference as though fully set forth herein. *See* Docket at No. 302.

20. Furthermore, on appeal, Mr. Barr will be challenging this Court's denial of Mr. Barr's recusal motion. This Court refused to recuse itself despite the issues raised by Mr. Barr in his extensive briefing on that issue.

21. Accordingly, Mr. Barr stands on those arguments previously presented on that issue and incorporates them herein by reference as though fully set forth herein. *See* Docket at Nos. 316, 317, 322, 329.

22. Mr. Barr will also be challenging, on appeal, this Court's refusal to allow him to withdraw his guilty plea, even though his former counsel refused to advise him as to the applicability of the preponderance of the evidence standard for purposes of sentencing, which went to the crux of Mr. Barr's decision to enter a plea.

23. That issue too was the subject of extensive briefing by Mr. Barr. Accordingly, Mr. Barr stands on those arguments previously presented on that issue and incorporates them herein by reference as though fully set forth herein. *See* Docket at Nos. 316, 317, 322, 329.

24. Additionally, Mr. Barr will be arguing, on appeal, that this Court erred in refusing to dismiss the Indictment and/to Order further *Brady* compliance, after the Government belatedly disclosed - on the eve of sentencing - a trove of e-mails and other documents that made it clear that the United States government, including through the United States Attorneys' Office and the FBI was involved in efforts to persuade Saudi officials to arrest and detain Mr. Barr in Saudi Arabia.

25. Again, that issue was also the subject of extensive briefing by Mr. Barr. Accordingly, Mr. Barr stands on those arguments previously presented on that issue and incorporates them herein by reference as though fully set forth herein. *See* Docket at Nos. 298, 299,

302, 303.

26. All of the above factual and legal issues, individually and collectively create a significant likelihood that Mr. Barr will prevail on appeal.

**WHEREFORE**, Mr. Barr, by and through her undersigned counsel, respectfully requests the entry of an Order permitting his continued release during the pendency of his appeal, and for such other and further relief that is appropriate under the circumstances.

                          **RESPECTFULLY SUBMITTED,**
                          **By:/s/Michael I. Leonard**
                              **Counsel for Mr. Barr**

**LEONARDMEYER, LLP**
Michael I. Leonard
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312)380-6559 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com

### CERTIFICATE OF SERVICE

The undersigned states that, on March 19, 2019, he caused the above to be served on counsel of record by way of ECF filing.

                          **RESPECTFULLY SUBMITTED,**
                          **By:/s/Michael I. Leonard**
                              **Counsel for Mr. Barr**